Jaime Ador FARRALES; et al., Petitioners,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–70038.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 4, 2004.

Decided Aug. 30, 2004.

Nathan V. Hoffman, Spyros L. Osorio, Esq., Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, CAC-District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Earle B. Wilson, Esq., Anh-Thu P. Mai, Esq., Anthony W. Norwood, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: REINHARDT, NOONAN, and CLIFTON, Circuit Judges.

### MEMORANDUM *

Petitioner Jaime Ador Farrales and his family (Farrales), natives and citizens of the Philippines, petition for review of the Board of Immigration Appeals' (BIA) affirmance of the Immigration Judge's (IJ) denial of their application for asylum and withholding of removal. Farrales also claims on appeal that he is a United States citizen. We find that the IJ's decision is supported by substantial evidence and therefore deny the petition for review.

In order to qualify for asylum based on political persecution, the applicant must show that he suffered persecution on account of his political opinion. *Sangha v. INS,* 103 F.3d 1482, 1487 (9th Cir.1997). The IJ was correct in finding that Farrales provided insufficient evidence to establish that his shooting was politically motivated. Nor did Farrales provide any evidence that the government was unable or unwilling to control his alleged attackers. *See id.*

Even if the shooting had amounted to past persecution, the IJ correctly concluded that current circumstances rebut Farrales' fear of future persecution. 8 C.F.R. § 208.13(b)(1). These circumstances include the fact that the political party of Farrales' alleged attacker is no longer in power.

Because Farrales failed to establish a well-founded fear of future persecution, he necessarily fails to show that it is more likely than not that he will be persecuted if returned to the Philippines. *Singh–Kaur v. INS,* 183 F.3d 1147, 1149 (9th Cir.1999). He is therefore ineligible for withholding of deportation.

According to the record before us, Farrales' appeal of the denial of his application for U.S. citizenship is still pending. This court does not have jurisdiction to review a final order of removal until the alien has exhausted all administrative remedies available. 8 U.S.C. § 1252(d)(1). We

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

therefore lack jurisdiction until the administrative resolution of his claim.

**PETITION DENIED.**

REINHARDT, Circuit Judge, concurring.

I concur solely for the reason that, by virtue of its introduction of evidence regarding current country conditions, the government rebutted the presumption of a well-founded fear of future persecution to which petitioner was entitled as a result of his having established past persecution.